In re KAPPES.

(District Court, E. D. New York. June 13, 1919.)

BANKRUPTCY ⬅414(3)—OBJECTIONS TO DISCHARGE—EVIDENCE.

Evidence *held* insufficient to sustain objections to a bankrupt's discharge on the ground of making a false oath in his schedules.

In Bankruptcy. In the matter of Henry Kappes, bankrupt. On application for discharge. Granted.

Charles F. Edsall, of New York City, for objecting creditor.
Bruce R. Duncan, of New York City, for bankrupt.

CHATFIELD, District Judge. The bankrupt applied for discharge, which was opposed on various grounds specified by the objecting creditor. On reference to a special commissioner discharge has been recommended. In the meantime the bankrupt applied for leave to amend his schedules so as to set forth certain checks, books, memoranda, and papers which had been produced by him before the special commissioner, and which made his oath contained in his schedules, that he had no such books or papers, apparently false. Leave was granted to the bankrupt to file an amended schedule. This he has never done, and he is therefore technically in default. This failure to file a paper setting forth the memoranda and papers produced before the special commissioner is however of little moment, in view of the conclusion of the special commissioner that the bankrupt had no intent to deceive his creditors or to conceal from them the knowledge of these papers in making the statement which he put in his schedules. It would avail nothing now to withhold discharge pending the filing of a verified amended set of schedules. But in order to complete the record of the proceedings and for the sake of regularity, and convenience, the bankrupt will be required to fill out and place on file a triplicate sheet, amending Schedule B (6) of the schedules filed March 2, 1918. The only specification of objection which presents a debatable issue on the record before the special commissioner is that in which the bankrupt is alleged to have made a false oath in failing to schedule these books and papers. It appears that the bankrupt did have certain books and papers. He says himself that he had destroyed some of his books and papers, he at one time failed to remember whether he had any, and at another time produced some and was hazy in his recollection about the others. He finally produced a set of books which had been kept by his brother, but which do not appear to have been used either by him or any one else as books for the purposes of business. He conducted a considerable real estate business, and for a period did this under the name of a corporation, and he apparently kept no books either for himself or in the business done by him in the name of the corporation. Examination of the schedules of debt shows that he must have had papers and memoranda, or no attorney could have prepared the set of schedules. His disregard of the proprieties, in the way of con-

ducting a business of considerable size, is apparent all the way through, but the flat and positive finding of the referee that this was all an oversight. and without intention on the part of the bankrupt to deceive his creditors, and the conclusion that the specifications of objection have not been sustained, because the testimony does not warrant finding either the making of false schedules or the failure to keep books, with intent to deceive or defraud creditors, cannot be set aside and disregarded merely because ordinarily such things are improbable.

The finding of a master on the question of fraudulent intent should not be set aside by the court, from the standpoint of improbability alone, or upon the opinion of the court as to credibility from reading the testimony without seeing the witnesses.

The special commissioner has had the witnesses before him, has found definitely in his report that he believes the bankrupt's statements, and the only course which the court can pursue, if it takes his findings, which are supported by some testimony, is to confirm the recommendation that discharge be granted. The failure of the bankrupt to properly fill out his schedule was a matter for inquiry by the counsel preparing the schedules, and, as has been indicated, some books and papers must have been available for the preparation of the schedules themselves, but they may have contained no information beyond that in the schedules. The counsel for the bankrupt should have attended to the matter, and schedules should not have been filed with such an apparent inconsistency on their face. But this adds to the conclusion of the special commissioner that the omission was not with intent on the part of the bankrupt to deceive his creditors or to make a false affidavit. The report will be confirmed, and discharge granted.